MONTANA LIFE INSURANCE CO., RESPONDENT, v. SHANNON, STATE TREASURER, APPELLANT.

(No. 7,781.)

(Submitted April 21, 1938. Decided April 30, 1938.)

[78 Pac. (2d) 946.]

*Mr. Harrison J. Freebourn,* Attorney General, *Mr. Carl N. Thompson,* Assistant Attorney General, *Mr. John A. Matthews,* and *Mr. John J. Greene,* for Appellant, submitted an original and a reply brief; *Mr. Matthews* and *Mr. Greene* argued the cause orally.

*Messrs. Gunn, Rasch, Hall & Gunn,* for Respondent, submitted a brief; *Mr. Carl Rasch* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This action was brought to recover taxes paid under protest. Plaintiff is a life insurance company organized under the laws of, and with its principal place of business within, the state. It conducted its business within and without the state during the year 1932. Plaintiff made its return to the State Board of

Equalization for the year 1932, and paid on that basis its corporate license tax. In this return it omitted interest on bonds, notes, and other interest-bearing obligations of nonresidents of the state held and kept within the state. These interest payments were collected during the year without the state and transmitted to and received by the plaintiff within the state. The Board of Equalization made another return for the plaintiff, including these omitted items of interest. An additional corporation license tax was then computed and assessed against plaintiff on the basis of these additional items, which was paid under protest. This suit followed.

The foregoing facts were set forth in the complaint and admitted by the answer. In the original answer defendant affirmatively alleged that the board found it difficult to segregate the Montana expenses of the plaintiff from the total expenses, and apportioned to Montana 61.98 per cent. of the net income, and on this percentage basis determined the net income for Montana. These affirmative allegations were stricken on motion. An amended answer was filed, containing the same admissions as the original answer. It affirmatively alleged that these items of interest accrued to plaintiff as a result of the investment of its capital and assets in the course of its usual business activities; that these items of interest were payable to plaintiff at its principal office and place of business within the state, and were so paid either directly or through authorized agents, who, in turn, after collection, remitted to the plaintiff within the state; and that these obligations were owned and held within the state. A motion by plaintiff for judgment on the pleadings was sustained. Judgment was accordingly entered. The appeal is from the judgment.

The pertinent portion of section 2296, Revised Codes 1921, under which plaintiff was to be taxed, reads as follows: ''Every corporation, except as hereinafter provided, organized and existing under the laws of the state of Montana and engaged in business therein, shall annually pay to the state treasurer, as a license fee for carrying on business in said state of Montana, two (2) per centum upon the total net income received by such

corporation in the preceding fiscal year from all sources within the state of Montana, including interest on bonds, notes or other interest bearing obligations of residents, corporate or otherwise.'' This Act has been amended (Chap. 92, Laws of 1937), but the amendment is not applicable here.

The principal question raised on this appeal may be stated as follows: Was the interest collected by the plaintiff on bonds, notes, and other interest-bearing obligations of nonresidents of the state a part of the income received by plaintiff from sources within the state within the meaning of this statute?

In the circumstances of the case, it was within the power of the legislature to tax the net income from these interest-bearing obligations of nonresidents. (*New York ex rel. Cohn* v. *Graves*, 300 U. S. 308, 57 Sup. Ct. 466, 81 L. Ed. 668, 108 A. L. R. 721; *United States Glue Co.* v. *Oak Creek*, 247 U. S. 321, 38 Sup. Ct. 499, 62 L. Ed. 1135, Ann. Cas. 1918E, 748.) No question is here involved of want of legislative power. Hence, we must determine the extent of the power exercised by the legislature. In other words, we must construe the quoted portion of section 2296 to determine whether the legislature has authorized a tax on these items of interest as a part of the net income of the plaintiff.

Where a taxing statute is susceptible of two constructions and the legislative intent is in doubt, such doubt should be resolved in favor of the taxpayer. (*Shubat* v. *Glacier County,* 93 Mont. 160, 18 Pac. (2d) 614; *State ex rel. Whitlock* v. *State Board of Equalization,* 100 Mont. 72, 45 Pac. (2d) 684.)

The tax imposed was upon ''the net income'' received by the plaintiff ''from all sources within the state, * * * including interest on bonds, notes or other interest bearing obligations of residents, corporate or otherwise, * * * '' of the state. The interest collected from obligations of residents of the state most certainly would have been a part of the income of a domestic corporation from all sources within the state, in the absence of any particular mention in the Act itself. Unless the legislature intended by the use of these words to thereby ex-

clude interest collected on like obligations of nonresidents, they added nothing to what had already been said.

In construing a statute, every word, phrase, clause, and sentence must be given effect, if possible. (*State ex rel. Nagle* v. *Sullivan,* 98 Mont. 425, 40 Pac. (2d) 995, 99 A. L. R. 321; *In re Wilson's Estate,* 102 Mont. 178, 56 Pac. (2d) 733, 105 A. L. R. 367.) When the legislature specifically mentioned interest on obligations of residents of the state, it thereby excluded interest accruing on obligations of nonresidents, under the familiar maxim *expressio unius est exclusio alterius.*

Applying these rules of statutory construction, these items of interest were not a part of the net income of the plaintiff on which the legislature imposed this tax.

Furthermore, the legislature, at the time this statute was enacted, might well have doubted its right to tax the interest on obligations of nonresidents as net income, since the law as it had then been declared by the Supreme Court of the United States warranted such a conclusion. The decisions of that court have in more recent years tended to extend the jurisdiction of the state to tax incomes. (See article on State Jurisdiction to Tax Incomes, 85 Pennsylvania Law Review, 795.)

Error is assigned upon the ruling of the trial court in striking the affirmative allegations of the original answer. Obviously the insertion of these allegations was an attempt to invoke a rule permissible under the provisions of section 2297.1, Revised Codes 1935. This section applies where difficulty is experienced by the State Board of Equalization in segregating the net income within the state from the net income without the state. The difficulty there mentioned would of necessity arise from the inability of the board properly to segregate the expenses among the two classes of income. To apply the rule of this section, the gross business within and without the state is taken as determining the proportion by which the net income is computed. Here, until these items of interest were classified either as being income within the state or without the state, the amounts of gross income were undetermined, and until these factors were known and established, the rule of this statute could not be

applied. Furthermore, when the amount of gross income within the state was known and determined properly, then the principal question involved in this litigation was thereby settled. In the circumstances of this case, the board could not properly invoke the rule of section 2297.1, as the statute has no application here.

Whatever may be the technical rules of pleading with reference to motions to strike, since these allegations were wholly immaterial to the issue tendered by the complaint, the court's ruling in striking them in nowise prejudiced the rights of the defendant.

Judgment affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, MORRIS and ANGSTMAN concur.