NATURAL GAS DEVELOPMENT CORP. OF DELAWARE v. OKLAHOMA TAX COMMISSION.

No. 29533. March 18, 1941.

*111 P. 2d 483.*

McPherren & Maurer, of Oklahoma City, for plaintiff in error.

558

F. M. Dudley, A. L. Herr, and C. D. Stinchecum, all of Oklahoma City, for defendant in error.

DAVISON, J. This is a direct appeal by the Natural Gas Development Corporation from an order of the Oklahoma Tax Commission disallowing its claim for refund because of an alleged overpayment of its income taxes for the year 1937. The sole question for decision is whether a resident taxpayer, under chapter 66, art. 6, S. L. 1935, is permitted to deduct from gross income earned from property owned and business transacted within the state, losses sustained by or through investments in property held outside the state.

The appellant, hereinafter referred to as "the taxpayer," is a foreign corporation and engaged in business in the State of Oklahoma, with its principal place of business in Oklahoma City. It is engaged in the business of producing oil and does no business in any other state.

In August, 1937, the taxpayer purchased an 80-acre oil and gas lease in the State of Kansas for a consideration of $1,600. Soon after the purchase the land was condemned for oil purposes by reason of a "dry hole" having been drilled on a near-by lease, and the taxpayer abandoned the lease in December, 1937. In filing its income tax return for said year the sum of $1,600 was deducted from the gross income as a "business loss." This deduction was disallowed and the Tax Commission assessed an additional income tax to cover said controverted item. This additional tax was paid under protest and claim for refund therefor filed, and the claim denied.

It is contended by the taxpayer that under the facts it is a resident corporation, as the term "resident" is defined by subdivision (b) of section 5, article 6, chapter 66, S. L. 1935, and for the purpose of discussing the merits of this case the Tax Commission has conceded that the taxpayer is in fact a "resident corporation." It is therefore unnecessary to decide this contention.

The taxpayer next contends that the deduction claimed is allowed by section 9 (subsection d) of the Act of 1935, supra, which provides, in part, that losses sustained in trade or business, or any transaction entered in for profit though not connected with trade or business, or losses arising from fire, storm, or other casualty, *except in the case of taxpayers other than a resident of this state, losses shall be limited to those transactions in real property, or in tangible personal property, having an actual situs within this state,* or in property which, by section 5, is given a taxable situs within this state for purposes of income taxation.

The taxpayer asserts that the following language used in said section: ". . . in the case of taxpayers other than a resident of this state, losses shall be limited to those transactions in real property or in tangible personal property, having an actual situs within this state, . . ." limits the right to deduct losses from gross income to transactions in real or personal property in this state to nonresidents only, and that the language used clearly indicates an intention on the part of the Legislature to permit resident taxpayers to deduct from gross income earned in this state losses incurred by reason of transactions in real and tangible personal property in other states.

The Tax Commission cites and relies on the case of Colchensky v. Oklahoma Tax Commission, 184 Okla. 207, 86 P. 2d 329, with the contention that, "In arriving at the intention of the Legislature, the court must construe the act as a whole. It cannot base its decision on an isolated clause contained in a single section of the act." We have no fault to find with the reasoning and rule of law in the cited case. However, in the Colchensky Case, supra, the taxpayer therein sought to create an ambiguity in the act by an interpretation of the one word "likewise," arguing that a portion of the levying section which read, "Every resident individual shall *likewise* be subject to the tax hereby

levied upon the entire net income of such individual, derived from wages, . . ." could not be construed to impose a tax on salaries earned outside of this state in view of the other parts of the act which levied a tax on the net income which is derived from all property owned and/or business transacted within the state.

In the present case the taxpayer states that the Legislature has prescribed the rule, or method, by which the "net income" subject to the tax is to be determined, and has set out definitely and precisely each of the deductions which are allowed, and the extent to which each deduction may be allowed when computing the net income which is subject to the tax, in such plain, unambiguous language that no construction to ascertain the intent and the meaning of the Legislature is required.

The power of the Legislature to grant the deduction here involved is not questioned. We must therefore determine only the extent of the power actually exercised by the Legislature.

We find that the Income Tax Act (chapter 66, art. 6, S. L. 1935) contained such distinctions between resident taxpayers and taxpayers other than a resident of this state that the Legislature found it proper to define a "resident individual" in section 4 (j) of said 1935 act, and to define a "resident corporation" in section 5 (b) of said act. We think from the reading of the whole act that it was the intent of the Legislature to distinguish between a "resident taxpayer" and a "nonresident taxpayer."

The Legislature, by section 9, subsection (d) of the act, must have intended to permit the deduction of losses sustained by or through investments of property held outside the state in the case of taxpayers who are defined as residents of the state. If such was not the intent, the words *"in case of taxpayers other than a resident of this state"* would be meaningless.

The Tax Commission states that the language relied upon by the taxpayer was inserted only for the purpose of making it plain that a nonresident, deriving income from property owned or business transacted in this state, cannot deduct therefrom, in arriving at net income, losses sustained through transactions had in other states. We do not concur with such a construction.

The recent case of Montana Life Insurance Co. v. Shannon, 106 Mont. 500, 78 P. 2d 946, is somewhat analogous to the present case. There it was held that under a statute taxing domestic corporations on net income received from all sources within state, "including interest on . . . interest-bearing obligation of residents" of the state, the specific mention of obligations of residents excludes interest accruing on "obligations of nonresidents," under the familiar maxim "expressio unius est exclusio alterius"—the express mention of one thing implies the exclusion of another.

We hold that the will of the Legislature was expressed with sufficient clarity in the present act (which act has been amended, chapter 66, art. 10, S. L. 1939; but such amendment is not applicable here) to permit the taxpayer to receive the claimed deduction.

The cause is reversed and the refund ordered.

WELCH, C. J., CORN, V. C. J., and OSBORN and GIBSON, JJ., concur.