## OKLAHOMA TAX COMMISSION v. BROWNE.

No. 30712. March 2, 1943.

*135 P. 2d 328.*

F. M. Dudley, A. L. Herr, C. D. Stinchecum, and A. D. Howell, all of Oklahoma City, for plaintiff in error.

Chandler, Shelton, Fowler & Swinford, of Oklahoma City, for defendant in error.

RILEY, J. This is an action to recover certain state income taxes for the year 1936.

Plaintiff was a citizen and resident of the State of Oklahoma in 1936. During

that year he received a salary in the sum of $10,000 from a Louisiana corporation for services rendered within the State of Louisiana. That corporation has never been authorized to do, and has never done, any business in Oklahoma. During that year, plaintiff derived other income from sources within the State of Oklahoma, and plaintiff sustained a loss of at least $5,558.72 in the operation of a sugar plantation located in Louisiana, of which he was a part owner.

In making his income tax return for said year, plaintiff, in computing his net income, claimed a deduction from his gross income for said loss of $5,558.72. Defendant disallowed the deduction and assessed an additional tax in the sum of $527.80. Plaintiff paid said sum under protest and commenced this action to recover same.

The cause was tried upon a stipulation of facts. Judgment was for plaintiff, and defendant appeals.

The question involved is one of law: Whether plaintiff was entitled to the deduction claimed. Article 6, ch. 66, Session Laws 1935, was in force for said year and is controlling. The provisions under which the deduction is claimed are found in section 9 of said chapter. Said section in part provides:

"In computing the net income, there shall be allowed as deductions from gross income:

"(a) All the ordinary and necessary expenses paid during the taxable year, in carrying on any trade or business, . . .

"(d) Losses actually sustained by the taxpayer during the taxable year and not compensated for by insurance or otherwise:

"(1) If incurred in trade or business; or

"(2) If incurred in any transaction entered into for profit, though not connected with the trade or business; or

"(3) From property not connected with the trade or business, if the loss arises from fire, storm or other casualty, or from theft; except capital losses.

"The basis for determining the amount allowed, as a deduction, under this paragraph or under paragraph (d) of this Section, shall be the same as is provided in Section 12 for determining the gain or loss from the sale or other disposition of property; and, in the case of taxpayers other than a resident of this State, losses shall be limited to those transactions in real property or in tangible personal property, having an actual situs within this State, or in property which, by Section 5, is given a taxable situs within this State for purposes of income taxation. . . .

"(i) In the case of any such taxpayer whose total income is derived from sources both within and without Oklahoma, there shall be allowed, as a deduction from the gross income derived from property owned or business done in Oklahoma, a fair, reasonable and just proportion of the total operating expense of such taxpayer attributable to Oklahoma income; provided, however, that no such taxpayer doing business both within and without Oklahoma shall be permitted to include in expenses deductible from gross income arising in Oklahoma, any portion of any loss sustained from property owned or business done outside the State."

The deduction was allowable under said section unless inhibited by other provisions therein, as follows:

"The basis for determining the amount allowed, as a deduction, under this paragraph or under paragraph (d) of this Section, shall be the same as is provided in Section 12 for determining the gain or loss from the sale or other disposition of property; and, in the case of taxpayers other than a resident of this State, losses shall be limited to those transactions in real property or in tangible personal property, having an actual situs within this State, or in property which, by Section 5, is given a taxable situs within this State for purpose of income taxation"—or unless inhibited by subdivision (i) of said section, above quoted.

Defendant contends that the deduction was not allowable under that part of the section quoted above which fixes

the basis for determining the amount allowable as a deduction "under this paragraph" or "under paragraph (d) of this section."

The phrase "under this paragraph" evidently refers to the latter part thereof, which reads: ". . . in the case of taxpayers other than a resident of this state. . . ."

That provision could have no application in this case because it was stipulated that in 1936 plaintiff was a citizen and resident of Oklahoma.

In Natural Gas Development Corp. of Delaware v. Oklahoma Tax Commission, 188 Okla. 557, 111 P. 2d 483, it is said:

"We find that the Income Tax Act (chapter 66, art. 6, S. L. 1935) contained such distinctions between resident taxpayers on taxpayers other than a resident of this state that the Legislature found it proper to define a 'resident individual' in section 4 (j) of said 1935 act, and to define a 'resident corporation' in section 5 (b) of said act. We think from the reading of the whole act that it was the intent of the Legislature to distinguish between a 'resident taxpayer' and a 'nonresident taxpayer.'"

And:

"The Legislature, by section 9, subsection (d) of the act, must have intended to permit the deduction of losses sustained by or through investments of property held outside the state in the case of taxpayers who are defined as residents of the state. If such was not the intent, the words *in case of taxpayers other than a resident of this state* would be meaningless."

The basis for determining the amount allowable "under paragraph (d)" of said section, as applied to resident taxpayers, was made the same as was provided in section 12 for determining the gain or loss from the sale or other disposition of property.

Defendant contends that the deduction claimed was not allowable thereunder because the loss did not arise from the sale or disposition of property, but in trade or business, and therefore there was no basis for determining the amount deductible.

That part of the paragraph fixing the basis for the amount deductible under paragraph (d) of said section was applicable only to subdivisions (2) and (3), referring to losses incurred in transactions entered into for profit though not connected with trade or business, and losses from property not connected with trade or business if the loss arose from fire, storm, etc.

Considering the act as a whole, it is evident that the Legislature intended that the taxpayer should be allowed deductions for losses incurred in trade or business, and the basis therefor was provided in paragraph (a) of section 9, above quoted, providing that deductions should be allowable from gross income for "All ordinary and necessary expenses paid during the taxable year in carrying on any trade or business."

Defendant also contends that the deduction was not allowable because of the proviso in paragraph (i) of section 9, above quoted. That proviso has no application for the reason that plaintiff does not claim deduction from any part of his income arising in Oklahoma. He is claiming only a deduction for losses incurred in business done outside the state, from income or salary earned and arising wholly outside the state and paid to him by a corporation which was never authorized to do, and had never done, any business within the state. The stipulation of the parties clearly shows that plaintiff's salary earned outside the state was greater than the losses incurred in business done outside the state. Under the Act of 1935, considering the same as a whole, the deduction claimed was allowable.

Affirmed.

CORN, C. J., and BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. GIBSON, V. C. J., and OSBORN and DAVISON, JJ., absent.