MONTANA BANK, a Corporation, Plaintiff and Respondent, v. HORACE F. CASEY, as State Treasurer of the State of Montana, Defendant and Appellant.

Nos. 9945, 9946.
Submitted January 20, 1959. Decided April 13, 1959.
337 Pac. (2d) 935.

Forrest H. Anderson, Atty. Gen., Wm. F. Crowley, Asst. Atty. Gen., Geo. T. Bennett, Tax Counsel, Bd. of Equalization, Helena, for appellant. George T. Bennett argued orally.

Baucus & Dawson, Great Falls, William G. Baucus, Great Falls, argued orally for respondent.

THE HONORABLE ERNEST E. FENTON (District Judge):

In the court below the respondent taxpayer had judgments for the recovery of corporation license taxes paid under protest. Two appeals have been taken, involving taxes for different years, but since the issues are identical the two appeals have been consolidated.

The tax in question is that portion of the corporation license computed upon net income represented by interest and amortization of premium on United States government bonds. In its brief the respondent taxpayer "admits that the legislature could have included the interest on U. S. government bonds in the net income of the corporation in measuring the tax." See Educational Films Corporation of America v. Ward, 282 U. S. 379, 51 S. Ct. 170, 75 L. Ed. 400, 71 A. L. R. 1226; Pacific Co. v. Johnson, 285 U. S. 480, 52 S. Ct. 424, 76 L. Ed. 893; Tradesmens Nat. Bank of Oklahoma City v. Oklahoma Tax Com'n, 309 U. S. 560, 60 S. Ct. 688, 84 L. Ed. 947; Werner Mach. Co. v. Director of Division of Taxation, 350 U. S. 492, 76 S. Ct. 534, 100 L. Ed. 634. The power to include it being conceded, the question presented is whether the legislature did include this interest.

The corporation license fee imposed by section 84-1501, R.C.M. 1947, is fixed at a percentage of the total net income received by each corporation, domestic or foreign, "from all sources within the state of Montana, including interest on bonds, notes or other interest bearing obligations of residents, corporate or otherwise." This language was interpreted in Montana Life Ins. Co. v. Shannon, 106 Mont. 500, 503, 78 Pac. (2d) 946, 947, as follows:

"The tax imposed was upon 'the net income' received by the plaintiff 'from all sources within the state, * * * including interest on bonds, notes or other interest bearing obligations. of residents, corporate or otherwise, * * *' of the state. The interest collected from obligations of residents of the state most certainly would have been a part of the income of a domestic corporation from all sources within the state, in the absence of any particular mention in the act itself. Unless the Legis-.

lature intended by the use of these words to thereby exclude interest collected on like obligations of nonresidents, they added nothing to what had already been said.

"* * * When the Legislature specifically mentioned interest on obligations of residents of the state, it thereby excluded interest accruing on obligations of nonresidents, under the familiar maxim *expressio unius est exclusio alterius*."

Respondent contends that the United States is a nonresident of Montana, and that, upon the authority of Montana Life v. Shannon, supra, interest upon obligations of the United States must be excluded in computing the corporation license tax in question. It is the contention of the appellant that, conceding the United States to be a nonresident, the interest upon its obligations is nevertheless taxable in Montana under and by virtue of the provisions of the statute whereby the tax is measured by net income "from all sources within the state of Montana."

It thus becomes pertinent to determine the "source" of interest paid upon bonds of the United States. A well-reasoned and thorough discussion will be found in John Hancock Mutual Life Ins. Co. v. Neill, 79 Idaho 385, 319 Pac. (2d) 195, 201, relating to the corporation franchise tax of Idaho. It was the conclusion of that court that, with respect to a corporation franchise tax, neither the place of payment of the interest nor the domicile of the owner of the obligations was controlling. The rule adopted in that case follows the holding in In re Union Electric Company of Missouri, 349 Mo. 73, 161 S. W. (2d) 968, 143 A. L. R. 141, that: "We think that the source of the income is the person paying the interest and not the mere bond itself, which is only an evidence of the indebtedness." In the same case, 79 Idaho at page 402, 319 Pac. (2d) at page 204, the court adopts the following rule stated in Section 45.29, Vol. 8, page 295, Mertens Federal Income Taxation: "The residence of the obligor who pays the interest rather than the physical location of the securities or the place of payment, is the determinative factor of the source of such income."

It is significant that the residence of the obligor who pays the interest has likewise been held by this court to be the determinative factor, as evidenced by the ruling in Montana Life Ins. Co. v. Shannon: "When the Legislature specifically mentioned interest on obligations of residents of the state, it thereby excluded interest accruing on obligations of nonresidents."

Both appellant and respondent cite and rely upon Consorzio Veneziano di Armamento E Navigazione v. Com'r of Int. Rev., 1930, 21 B. T. A. 984, 988, holding that, "It would be a strained construction to say in the first place that the United States was a resident, corporate or otherwise, of the United States." However, that decision must be deemed to have been overruled in Helvering v. Stockholms Enskilda Bank, 1934, 293 U. S. 84, 91, 55 S. Ct. 50, 53, 79 L. Ed. 211 (reversing the holding of the District of Columbia Court of Appeals reported in 62 App. D. C. 360, 68 F. (2d) 407). There the Supreme Court held that the United States is a resident within the meaning of the words "residents, corporate or otherwise." In that case the Supreme Court said:

"Is the United States a resident within the meaning of the words 'residents, corporate or otherwise?' We think it is. It many times has been held that the United States or a state is a 'person' within the meaning of statutory provisions applying only to persons. See [State of] Ohio v. Helvering, 292 U. S. 360, 370, 54 Sup. Ct. 725, 78 L. Ed. 1307, and cases cited. * * *

"While it cannot be said that the United States, in its corporate capacity as an artificial person, has a bodily presence in any place, it is not unreasonable to hold that in the eyes of the law, it has a residence, and especially so when a contrary holding would defeat the evident purpose of a statute. This may be in the nature of a legal fiction; but legal fictions have an appropriate place in the administration of the law when they are required by the demands of convenience and justice. * * * If to carry out the purposes of a statute it be admissible to construe the word 'person' as including the United States, it

is hard to see why, in like circumstances, it is inadmissible to construe the word 'resident' as likewise including the United States.''

To the same effect is Helvering v. British-American Tobacco Co., 2 Cir., 69 F. (2d) 528, 530, affirmed 293 U. S. 95, 55 S. Ct. 55, 79 L. Ed. 218, in which it is held that the corporate residence of the United States is within the United States. In that case the Court said:

''The question remains as to whether the United States is a resident within the meaning of section 217. The United States is a corporation. Respublica v. Sweers, 1 Dall. 41, 44, 1 L. Ed. 29; United States v. Maurice, 2 Brock. (U. S.) 96, 109 Fed. Cas. No. 15,747 (per Marshall, J.). As such corporate entity, it must have a corporate residence; that residence must be within the United States. * * *

''To be taxable as income, the interest received by the respondent must be regarded as interest on 'an obligation of residents, corporate or otherwise.' The statute does not declare the resident must be a corporation or an individual. The words are 'corporate or otherwise.' This language is sufficiently broad to embrace all conceivable entities, be they sovereign, corporate, or individual. There is no difficulty with the conception that a sovereign is within the United States and it is axiomatic to say that a sovereign resides where it is sovereign.''

The sovereignty of the United States extends into and throughout every state. Being a resident, ''corporate or otherwise'' of the United States, it would appear to follow as a logical conclusion that it must likewise be a resident of each and every component state of the United States. Thus, in United States v. Borcherling, 185 U. S. 223, 22 S. Ct. 607, 46 L. Ed. 884, the court quoted the following language of Mr. Justice Story in Vaughan v. Northrup, 15 Pet. 1, 10 L. Ed. 639: '' 'The debts due from the government of the United States have no locality at the seat of government. The United States in their sovereign capacity have no particular place of domicile but possess, in contemplation of law, a ubiquity throughout the United States'.''

The respondent's contention that the United States is a nonresident of Montana cannot be upheld. The interest and amortization of premium here in question are from "sources within the state of Montana."

The judgments of the lower court are reversed and the causes remanded with instructions to enter judgments in favor of the defendant appellant, Horace F. Casey, as State Treasurer of the State of Montana.

THE HONORABLE JUSTICES ANGSTMAN and CASTLES, concur.

MR. JUSTICE BOTTOMLY agrees with the result but not with all that is said therein.

MR. JUSTICE ADAIR concurs in the result.