BOARD OF COUNTY COMMISSIONERS OF GREER COUNTY, Oklahoma, and Jack Sasseen, County Attorney of Greer County, Oklahoma, Plaintiffs in Error,

v.

STATE BOARD OF EQUALIZATION of the State of Oklahoma, Defendant in Error.

No. 39323.

Supreme Court of Oklahoma.

June 13, 1961.

Rehearing Denied July 5, 1961.

Jack Sasseen, County Atty., Greer County, James P. Garrett, Sp. Counsel, Mangum, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., L. G. Hyden, Asst. Atty. Gen., Albert D. Lynn, Gen.

Counsel and Ed Armstrong, Asst. Counsel, Oklahoma Tax Commission, Oklahoma City, for defendant in error.

Otjen & Carter, by Frank Carter, Enid, of counsel, for Oklahoma Farm Bureau, amicus curiae.

PER CURIAM.

The present appeal is from the same order of the State Board of Equalization, and is based upon the same record, as Cause No. 39321, Okl., 363 P.2d 242. Said appellee Board's order does not require any change in the value of urban property in Greer County, but it directs an increase of 9% in the valuation of that County's rural land and improvements.

Here, the plaintiff in error advances substantially the same argument, under its Proposition One that the appellant in the cited case submitted under the same numbered proposition of its brief. We reject that argument in this case for the same reasons given there, and accordingly adopt what was there said concerning it, as part of our opinion in this case.

Under its Proposition Two, plaintiff in error, hereinafter referred to as appellant, argues that the appellee Board's order may not be upheld as made in the proper exercise of its authority and duty to "equalize" assessed valuations between the various counties of the State. In its Proposition Three, appellant asserts that the order's requirement of increased rural valuations in Greer County was not so made, and is therefore invalid. Appellant's supporting argument is based entirely on the statistics compiled by the Oklahoma Tax Commission's ratio study mentioned in our opinion in Cause No. 39321, supra. This study revealed that urban real property in Greer County was assessed at 23.98 percent of its fair cash value, and that said county's rural real estate was assessed at 18.63% of its fair cash value. Thus the overall average of Greer County assessed values was 21.27% of fair cash value. From the study, it was found that urban real property in the State, as a whole, was assessed an average of 22.82 percent of its fair cash value, and rural property at 18.-21% of its fair cash value. Thus the average for tax valuations of all (both rural and urban) property in the State was 22.-07% of its fair cash value. Appellant contends that since the above figures show that the average valuation of Greer County's urban property was 1.16% higher than the statewide average, and the average valuation of its rural property was .42% higher than the statewide average, the plain duty of the appellee board was to reduce Greer County valuations, rather than to increase any of them, unless the real purpose of its order was to increase valuations under the guise of equalizing them.

The fallacy in appellant's argument lies in its assumption that the only method of equalization available to the Board is to first arrive at an average or "intermediate" valuation " * * * and then reduce the valuations of all the counties which are in excess of that, and raise the valuations of all counties which are less * * * ". The discussion in the Appeal of McNeal, 35 Okl. 17, 128 P. 285, 288, shows that said Board is not restricted to such a method, and that it may select (instead of present average assessment) any standard for valuations of all counties to meet, as long as it stays within the constitutional limit, which (since the amendment of our Constitution's Article X, section 8) is: " * * * not * * * more than thirty-five per cent (35%) of its fair cash value, * * * ". It is not claimed, nor demonstrated, that when the valuation of Greer County's urban land and improvements is increased 9%, that limit will be reached, or exceeded.

Under its Proposition Three, appellant contends that the order discriminates against Greer County, and, to show this, it points to the fact that when the valuation increase specified therein for said county's rural property, becomes effective, both its rural land and improvements, as well as its real estate in both town and country, will have an assessed valuation

far greater, in comparison to its actual value, than such property in either Harmon or Jackson Counties, which adjoin Greer County on the south and west. Appellant does not deny, however, that, after this prospective increase, Greer County's real estate (both urban and rural) will still have an over-all average assessed valuation that is a smaller percentage of its fair cash value, than the statewide average of 22.-07%. We think, as indicated in Cause No. 39321, supra, that such arguments, as appellant's, are sufficiently answered in the Appeal of McNeal, supra. There this court said:

"* * * counsel's contention is that the valuation of some particular county should be taken as the standard, and that to take any other standard was inequitable and unjust. This argument might have had great weight with the framers of the Act; but it falls when made to a court called upon to construe it. * * *

"* * * fair cash value is the standard fixed by the Constitution and the Legislature, and not some particular county's valuation. Herein is just the distinction which exists between this case and the case of People ex rel. Crawford v. Lothrop, 3 Colo. 428, at page 462, which counsel press so strenuously upon our attention. * * *

"It will be noted that the specific distinction between that case and the one at bar is that in Colorado the standard was the valuation of the counties of the state as returned to the board, while in Oklahoma there is but one standard, which is the one fixed by the Constitution and statute, to wit, the fair cash value of the property, and this must necessarily be without reference to whether this has been attained by one county or all of them or none of them. * * *

"Necessarily in Oklahoma, as in every other state, an exact and equal distribution of the burden of taxation is not effected. It has never been since government was instituted, and probably never will be. There will never come a time when some of the taxpayers do not pay more than they should, and when others do not pay less. * * *."

In view of the foregoing, there is no cause for reversal in appellant's argument that, under the order appealed from, the real estate in some counties will be valued at a lesser percentage of its fair cash value, than that in Greer County, or that valuations in some counties will be a higher percentage of fair cash value than the present statewide average. As emphasized in the McNeal appeal, supra, all valuations, under the order, will be well within the constitutional limit.

As we have found in none of the arguments advanced by appellant sufficient ground for reversing the order herein appealed from, said order is hereby affirmed; and the period for the filing of a petition for rehearing herein is hereby reduced to 10 days from the date this opinion is filed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JOHNSON and BERRY, JJ., concur.

IRWIN, J., concurs specially.

JACKSON, J., dissents.

IRWIN, Justice (concurring specially).

I concur specially for the reasons set forth in Case No. 39,321, Board of County Commissioners of Canadian County, Oklahoma, v. State Board of Equalization, Okl., 363 P.2d 242.