In the Matter of the Increase in Valuation by the State Equalization Board of REAL PROPERTY OF WASHINGTON COUNTY for the Year 1960.

No. 39416.

Supreme Court of Oklahoma.

June 27, 1961.

Rehearing Denied July 18, 1961.

James W. Connor, County Atty., of Washington County, and Nathan G. Graham, Co-Counsel, Bartlesville, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., and L. G. Hyden, Asst. Atty. Gen., of Oklahoma, and Albert D. Lynn, Gen. Counsel, Ed Armstrong, Asst. Counsel, of Oklahoma Tax Commission, Oklahoma City, for defendant in error.

BERRY, Justice.

■ Washington County perfected this appeal from the same order of the State Board of Equalization, hereafter referred to as "Board", that is referred to in No. 39,321, Board of County Com'rs of Canadian County, Oklahoma v. State Board of Equalization, and No. 39,323, Board of County Com'rs of Greer Co. v. State Board of Equalization, which opinions are reported in 363 P.2d 242, and Okl., 363 P.2d 263. With the exception of contentions hereinafter noted, all contentions made by Washington County were resolved against said County in the cited opinions, which opinions, in so far as applicable, are adopted as our opinion herein.

By the referred-to order, the value of rural property in Washington County, for ad valorem tax-assessment purposes, was increased from $5,186,559 to $5,523,658, or an increase of 6.50%. No increase in the assessed value of urban property was made. Under the formula applied by the Tax Commission, the ratio of the assessed value of real property to the fair cash value of same in Washington County in 1959 was 19.05%. Washington County contends that the order of the Board served to increase said ratio to 20.94%. The ratio study made by the Tax Commission showed that the average ratio of assessed value to fair cash value of rural property in all counties of the State was 22.07%.

In computing the ratio of assessed value of rural property to fair cash value of such property in Washington County, the Tax Commission used 87 sales transactions.

The aggregate assessed value of said tracts was, by the Tax Commission, found to be $101,110. Washington County asserts that the aggregate assessed value of said tracts was $108,735 and that in arriving at the value first given, the Tax Commission erred; that if the greater value is used in the formula adopted and used by said Commission, the increase in assessed value would be 4% and not 6.5% as directed by the Board.

■ The matter of whether the agents of the Tax Commission erred in computing the aggregate assessed value of the tracts or whether the County Assessor erred in said particulars, presented a question of fact for the Board. If we were to assume, however, that the Tax Commission erred and not the County Assessor, this would not serve to render the findings and order of the Board erroneous. The order appealed from is that of the Board and not that of the Tax Commission. The Board was free to consider all relevant evidence bearing upon the issues before it and it was not obligatory that the Board follow the Tax Commission's recommendations. It is entirely possible that the Board accepted the County Assessor's computation as correct but nevertheless concluded that under all of the evidence the assessed value of rural property in Washington County should be increased by $337,126. The Board ordered an increase in assessed values in a stated amount and not a percentage increase over the assessed value of the prior year.

Washington County points to "work sheets" of agents of the Tax Commission that were used by said Commission in making the ratio study. These sheets, which cover 87 tracts or transactions, show that the ratio of fair cash value as indicated by attached revenue stamps to assessed value of five of said tracts was respectively 60.83%, 67.33%, 94.66%, 33.23% and 34.81%. It is argued that to apply the ordered increase in assessed values to said tracts would result in each tract being assessed at more than 35% of its fair cash

value in violation of Art. 10, Sec. 8 of the Okla.Const.

The record clearly shows that in some instances an excessive amount of revenue stamps was placed on deeds and for said reason the Tax Commission as a rule did not consider such deeds in making the ratio study. While it appears that the above referred-to deeds were considered, this does not serve to establish as a fact that the fair cash value of each tract was such that the ordered increase brought about an assessment that will exceed 35% of the fair cash value of the tracts. We are inclined to believe that excessive revenue stamps were placed on said deeds but if in this we err, and the appealed-from order results in excessive assessments, an aggrieved taxpayer under the facts of this case is privileged to seek relief under 68 O.S.1951 § 15.50.

One of the factors used by the Tax Commission in the formula applied in making each ratio study was the estimated increase or decrease by county officials in 1960 assessed values over such values in 1959. If an increase was found to have been made as in Washington County, a credit was allowed. Washington County asserts that in allowing said credit, the Tax Commission overlooked that improvements would tend to reflect that the county officials had increased assessments when they in fact had not done so; that improvements made in Tulsa County caused the Tax Commission to allow said County an excessive credit which resulted in the Board not ordering an increase in assessed values in said County, notwithstanding that the ratio of assessed values to fair cash value in Washington County for 1959 was greater than in Tulsa County for said year.

The fact that the evidence may tend to show that an increase in the assessed value of real property in Tulsa County should have been ordered does not tend to show that the Board erred in · ordering an increase in such values as applied to rural property in Washington County. While such evidence tends to show that the Board

did not equalize assessments as between Tulsa County and Washington County, this, as made clear in No. 39,321, supra, does not require reversal of the order before us.

We are of the opinion that the order of the Board increasing the assessed value of rural property in Washington County for the Year 1960, is sustained by competent evidence.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON and JOHNSON, JJ., concur.

JACKSON, J., dissents.

IRWIN, Justice (concurring specially).

I concur specially for the reasons set forth in Case No. 39,321, Board of County Commissioners of Canadian County, Oklahoma, v. State Board of Equalization, Okl., 363 P.2d 242.