In re Protest of WOODWARD COUNTY against Increase of Rural Valuations for Tax Assessment.

BOARD OF COUNTY COMMISSIONERS OF WOODWARD COUNTY, Plaintiff in Error,

v.

STATE BOARD OF EQUALIZATION, Defendant in Error.

No. 39419.

Supreme Court of Oklahoma.

July 5, 1961.

Rehearing Denied Aug. 1, 1961.

H. B. King, County Atty., Woodward, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., L. G. Hyden, Asst. Atty. Gen., Albert Lynn, Gen. Counsel, Oklahoma Tax Commission, Ed Armstrong, Asst. Counsel, Oklahoma Tax Commission, Oklahoma City, for defendant in error.

BERRY, Justice.

Woodward County perfected this appeal from the same order of the State Board of Equalization, hereafter referred to as "Board", that is referred to in Board of Co. Com'rs of Canadian County, Oklahoma v. State Board of Equalization, and Board of County Com'rs of Greer County v. State Board of Equalization, which opinions are reported in 363 P.2d 242 and 363 P.2d 263, respectively. With the exception of contentions hereinafter noted, all contentions made by Woodward County were resolved against it in the cited opinions, which opinions, in so far as applicable, are adopted as our opinion herein.

In the appealed-from order, the assessed value of rural land in Woodward County for 1960 was increased from $6,488,009 to $7,006,939. This was an increase in assessed value of 8.50 per cent. The assessed value of urban property was not increased by the referred-to order.

In making a ratio study covering the ratio of fair cash value to assessed value of rural property in Woodward County, the Oklahoma Tax Commission considered 19 transfers. These transfers showed that the ratio of assessed value to fair cash value of rural property in Woodward County was 18.50 per cent. The referred-to ratio study showed that the average as-

sessed value to fair cash value of all property in this State was 22.07 per cent.

Woodward County introduced evidence showing that five of the transfers involved 20, 3, 11.57, 33 and 50–acre tracts; that the grantees did not buy the tracts for agricultural purposes, and for said reason the price paid by the grantees did not serve to establish the ratio of assessed value to fair cash value of rural property in Woodward County; that if said tracts are excluded from the ratio study, the ratio figure is 22.55 and not 18.50. Board disagrees with the figures first mentioned and asserts that the correct figure would be 19.11.

Woodward County also refers to the allegations of an affidavit received in evidence by Board to the effect that "all these (19) transactions were influenced by mineral and other speculative considerations and that the consideration expressed in these transactions are not representative of land values in (Woodward) County for a ratio study."

It is not claimed that the Tax Commission only considered transfers in localities where there was an "oil play". The record in fact tends to show that such is not the case and that the transfers considered involved sales throughout the County. While it is no doubt true that the potential value of minerals that may underlie land in Woodward County served to materially enhance the value of the land lying therein, this fact is of no particular significance when it is remembered that undiscovered minerals are taxable to the owner of the surface.

While we are of the opinion that the five transfers of which Woodward County complains had little probative value and for said reason probably should have been excluded by the Tax Commission from its ratio study, the fact that same were considered by said Commission does not, however, establish as a fact that Board considered same in arriving at a decision. It is entirely possible that the Board did not consider same and only considered the remaining 14 transfers, which transfers in our opinion tended to show that the as-sessed value to fair cash value of rural property in Woodward County was far below the maximum 35% figure fixed by Art. 10, Sec. 8 of the Okla.Const. and we note that there is no competent evidence to the contrary.

We are of the opinion that the appealed-from order is sustained by competent evidence and the order is accordingly affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY and JOHNSON, JJ., concur.

IRWIN and JACKSON, JJ., dissent.

IRWIN, Justice (dissenting).

Woodward County contends that five of the nineteen transactions considered by the Oklahoma Tax Commission in its ratio study in Woodward County do not qualify as legitimate rural transactions. The majority opinion holds the five transactions "probably should have been excluded by the Tax Commission from its ratio study," and that "it is entirely possible that the Board did not consider same and only considered the remaining fourteen tracts."

The average valuation for all urban and rural property in the State as shown by the ratio study was 22.07 per cent. In no instance did the State Board of Equalization order that rural or urban property which had an average valuation in excess of 22.07 per cent, be increased; and, in no instance did the Board order that any rural or urban property which had an average of less than 22.07 per cent be increased to a percentage in excess of 22.07 per cent. Therefore, had the five tracts been excluded, as the majority opinion states that they should have been excluded, and the same yardstick for equalizing assessed valuations been applied to the rural property in Woodward County as applied to the other rural properties in all the other counties of the State, the Board would not have ordered an increase in the rural valuations in Woodward County.

In my judgment, the same yardstick should have been applied to the rural prop-

erties in Woodward County as applied to the rural properties in all the other counties. I therefore respectfully dissent to the opinion promulgated by a majority of my associates.