## McCUTCHAN v. OKLAHOMA TAX COMMISSION.

No. 30789. Dec. 8, 1942.

*132 P. 2d 337.*

Forrest E. Macomber, of Stockton, Cal., for plaintiff in error.

F. M. Dudley, A. L. Herr, C. D. Stinchecum, and A. D. Howell, all of Oklahoma City, for defendant in error, Oklahoma Tax Commission.

BAYLESS, J. William Albert McCutchan appeals to this court from an order of Oklahoma Tax Commission assessing income tax against him. McCutchan is a resident of California, and in the year 1939 had an income of $3,899.06, of which $640.48 arose in Oklahoma, and in 1940 he had an income of $3,627.08, of which $680.83 arose in Oklahoma. In each of those years he made returns to commission on his income, and, after deducting from

his total income the portion thereof that arose outside of Oklahoma, showed a gross income in Oklahoma subject to taxation in Oklahoma for 1939 of $640.48 less personal exemption of $850, and for 1940 of $680.83, less personal exemption of $850, and thus disclosed that he owed no income tax for either year.

He states that Oklahoma Income Tax Law of 1935 (ch. 66. art. 6, S. L. 1935), as amended by ch. 66, art. 10, S. L. 1939, governed, and commission agrees.

The only issue between the parties involves the contention whether he is entitled to the full personal exemption or to an apportioned personal exemption based on the ratio of his Oklahoma income to his total income. He states his contention thus:

"Are the provisions of the Oklahoma Income Tax Law of 1935 (ch. 66, art. 6, Laws 1935), and of the said Income Tax Law as amended in 1939 (c. 66, art. 10, Laws 1939), which provide for the apportionment or proration of the credit for personal exemption of an individual taxpayer according to the taxpayer's income from sources within and outside the State of Oklahoma and for the allowance of a credit of only such part of the personal exemption as is in proportion to his income from sources within that state (all as given effect by and through the regulations of the commission relating to the said Income Tax Law) violative, in the case of a citizen of the United States not a resident of the State of Oklahoma, of the rights of *equal privileges and immunities* and of *due process* guaranteed by article 4, sec. 2, and Amendment 14, sec. 1, of the Constitution of the United States of America?"

The issue arises on the following admitted facts: In 1941 the commission audited the returns mentioned and disallowed the full personal exemption claimed and taken, and prorated the personal exemption so as to allow 16.43% for 1939 and 18.76% for 1940, and assessed tax accordingly. This resulted in a taxable income of $500.83 and a tax of $5.01 for 1939, and a taxable income of $521.37 and a tax of $5.21 for 1940. On protest the protest

was disallowed, the taxes assessed, and this appeal followed.

McCutchan begins his argument on the premise that Oklahoma has jurisdiction to tax only the income that arose in Oklahoma, and is debarred from levying directly or indirectly on income that arose to him outside of Oklahoma. We think this premise is well taken, since the rule announced in Colchensky v. Oklahoma Tax Commission, 184 Okla. 207, 86 P. 2d 329, is not applicable to McCutchan. But any argument based on such premise that the disallowance of the whole personal exemption and the granting of a portion only amounts to an indirect tax on the outside Oklahoma income is not well taken. Concededly McCutchan had income from sources within Oklahoma that was subject to taxation by Oklahoma by any legal method it chooses. Therefore, the incidence of the method selected upon the Oklahoma income, so long as the tax levied does not exceed the Oklahoma income, is a direct tax upon the Oklahoma income only. It may have a direct effect upon the total of McCutchan's income and thus an indirect effect upon his outside Oklahoma income, but any tax he would pay in California would have a similar effect upon the Oklahoma income. The contention that a state cannot levy a tax upon income within its boundaries because of its indirect effect upon outside income has long since been rejected.

Following this, McCutchan points out that Oklahoma may classify persons for taxation, provided the classification is reasonable and related to the object of taxation, and further points out that personal exemptions varying according to marital status and dependency are permissible, as are progressive rates of taxation based on the amount of income. These are well-established principles of income taxation, and he cites authorities to sustain the reasons said to support the principles.

But, he says that any variations in the allowance of deductions for personal exemptions are unreasonable because they obviously are unrelated to

the object of taxation. Particularly is this so, he says, in the matter of apportioning personal exemptions in relation to the origin of the income. He says the basis for apportionment has no relation to the object of taxation.

We think this argument is untenable. The object of taxation is the raising of revenue to support the government. At the time our Income Tax Law was enacted, our Legislature was free to adopt an income tax levied on gross income without regard to deductions or exemptions. Instead, it chose to levy on the net income after allowing certain deductions, which vary according to classes, and after allowing certain personal exemptions, which are denied certain taxpayers, and also vary on a sliding scale according to marital status and number of dependents.

All that is required is that there be reasonable classification and reasonable opportunity for uniform or equal incidence upon the classes created. However, there need not be an iron rule of equality (Giozza v. Tiernan, 148 U. S. 657, 13 S. Ct. 721, 37 L. Ed. 599), nor uniformity for all classes.

Thus we have simply to determine whether our Legislature has classified reasonably and has set up a system designed to operate with reasonable uniformity and equality on the given classes. The argument indulged and the instances cited of variance in the amount of tax payable are not persuasive, since they arise as much from variances brought about by the income of the taxpayer as from the incidence of the scheme. Admittedly, much diversity arrived at comes from other variable factors that McCutchan admits are legal that are virtually inseparable from the variable factor complained of. However, we do concede the correctness of his figures showing that a denial of the whole personal exemption results in his case, and in similar instances, in an increased amount of tax when compared to a taxpayer who is allowed the whole exemption.

Our Legislature, after denying some classes any personal exemptions, has divided those who are allowed personal exemptions into two classes: (1) those whose income arises wholly within Oklahoma's jurisdiction, and (2) those whose income arises partly within and partly without. To the first class it says, in effect, you are entitled to the full personal exemption, and to the second class it says, in effect, you are entitled to a portion of the personal exemption only, and set up a scale of measurement.

It will be observed that no distinction is made by reason of residence or citizenship. The personal exemption is apportioned for citizens of Oklahoma just as it is for noncitizens. In other words, a citizen of Oklahoma who had outside Oklahoma nontaxable income could raise the same issues with respect to equal protection of the law and immunities and privileges.

But, as pointed out in Madden v. Kentucky, 309 U. S. 83, 84 L. Ed. 406, 125 A. L. R. 1383, expressly overruling Colgate v. Harvey, 296 U. S. 404, 56 S. Ct. 252, 80 L. Ed. 299, 102 A. L. R. 54, neither issue is tenable. We think as between Oklahoma citizens it is reasonable for our Legislature to make such classification and observe all constitutional requirements about equal protection, and, as said in Madden v. Kentucky, supra, the Fourteenth Amendment does not apply to the immunities and privileges claimed, as they are not of the nature that inhere in national citizenship.

The order appealed from is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, and HURST, JJ., concur. RILEY, DAVISON, and ARNOLD, JJ., absent.