CUSTER COUNTY EXCISE BOARD v. ST. LOUIS-SAN FRANCISCO RY. CO. et al.

No. 34034.    June 21, 1949.

*207 P. 2d 774.*

Fred E. LaRue, Co. Atty., of Clinton, Mac Q. Williamson, Atty. Gen., James C. Harkin, Asst. Atty. Gen., and Everett Arney, City Atty., of Clinton, for plaintiff in error.

Satterfield & Franklin, Savage, Gibson & Benefield, and Rainey, Flynn, Green & Anderson, all of Oklahoma City, for defendants in error.

A. L. Jeffrey, Municipal Counselor, and Kenneth J. Wilson, Asst. Municipal Counselor, of Oklahoma City; R. L. Davidson, City Atty., of Tulsa, Harold L. Gasaway, City Atty., of Enid, Donald Royse, City Atty., of Elk City, Julian B. Fite, City Atty., of Muskogee, for the Municipal League of Oklahoma, amici curiae.

WELCH, J. For county general fund purposes for the fiscal year 1948-49, the excise board of Custer county caused to be extended upon the tax rolls of said county an ad valorem tax levy with 8.5 mills to be applied to property located inside the corporate limits of the cities and towns of said county, and 10 mills to be applied to property located outside the cities and towns.

The Court of Tax Review sustained protest to the levy of 10 mills upon the taxable property outside cities and towns and adjudged the same to be void to the extent of 1.5 mills and ordered reduction to 8.5 mills, and further ordered that the total general fund appropriation be reduced in an amount representing the net proceeds of a 1.5 mills levy upon the property or valuations outside cities and towns.

Article 10, sec. 9, of the Constitution, reads:

"Except as herein otherwise provided, the total taxes for all purposes on an ad valorem basis, shall not exceed, in any taxable year, fifteen (15) mills on the dollar, to be apportioned between county, city, town and school district, by the County Excise Board until such time as the regular apportionment is otherwise provided for by the Legislature."

In performance of a duty to apportion millage as enjoined by article 10, sec. 9 of the Constitution, the excise board apportioned 1½ mills to the cities and towns for the fiscal year 1948-49, with 8½ mills to the county to be applied to that portion of the taxable property located within the corporate limits of the cities and towns, and 10 mills to

the county to be applied outside the cities and towns, note being taken that the Legislature had apportioned to school districts 5 mills of the 15-mill limit.

The county contends the Court of Tax Review was without jurisdiction to hear and determine the protest. It is asserted that since the record before the court disclosed that the total levy would not exceed 15 mills on any property in the county, the sole question presented by the protest was the validity of the apportionment of millage and that the authority vested in the Court of Tax Review is to determine challenges to the illegality of a levy, and that the attack herein was an attack upon the application of a tax to particular property.

Reference is made to the power of county excise boards to allocate millage as distinguished from the power granted by statute to such boards to levy or approve a levy of taxes. It is asserted that the Court of Tax Review is vested with authority to hear and determine a challenge of a tax levy, but without authority to hear and determine a challenge to allocation of millage or an alleged illegality of the application of an otherwise legal rate of levy to particular property, and that herein the last question as presented is entirely dependent upon a determination of the first question and for such reasons the court had no jurisdiction in this matter.

The protests of the 10-mill levy for county general fund purposes upon property located outside towns and cities based on a showing that a levy for the same purposes of 8.5 mills had been extended against the taxable property located within cities and towns presents a clear challenge to the legality of the 10-mill levy without reference to the action of the excise board in the apportionment of millage. The action of the excise board in the matter of allocations of millage was shown as well as the actual levy, and it appears that levies were extended in accord

therewith. Under either showing, the same basic question arises as to whether or not a levy for county purposes can be different inside cities and towns from the rate outside, and whether protest of the higher rate presents for determination the legality of a levy, a question admittedly within the jurisdiction of the Court of Tax Review.

The county contends the judgment reducing the 10-mill levy is erroneous in that the 10-mill levy as extended was within the 15-mill limit after apportionment of 5 mills for schools and within the limit of a proper millage apportionment by the excise board, and that the mere showing of variance with other rates applied to other property does not in itself brand the levy as illegal.

The protestants in support of the judgment contend the levy as made violates the uniformity clause contained in section 5, art. 10 of the Constitution, which reads as follows:

"Taxes shall be uniform upon the same class of subjects."

The county and the Municipal League of Oklahoma, amicus curiae, assert that the apportionment of millage as here made was a proper performance of a mandatory duty. Tulsa County Excise Board v. City of Tulsa, 180 Okla. 248, 68 P. 2d 823, and other cases are cited wherein it was held that the excise board must apportion the full mill limit of levy between the various subdivisions of government as provided in article 10, sec. 9 of the Constitution. It is asserted that the apportionment herein was made in a proper exercise of discretion; that in a determination of the needs of the county and cities and towns and the need for allocation of a part of the millage to each subdivision, the excise board was authorized to classify cities and towns into one tax unit and all property outside cities and towns into another, Article 10, sec. 22, of the Constitution is cited, wherein it is provided:

"Nothing in this Constitution shall be held, or construed, to prevent the classification of property for the purposes of taxation. . . ."

Upon these premises it is contended that the uniformity clause of the Constitution is not violated by the 10-mill levy in that it is but a different rate upon different "subjects," and that violation occurs only where a different rate is applied to "subjects" of the same class.

Aside from the question of whether or not the excise boards are empowered to classify property for purposes of taxation, if such power exists, it is not without limitation. We do not mean to imply that the excise board, acting in discharge of its duty to apportion the 15 mills limit of levy, may make any classification of property for taxation. But any such classification, made by an authorized agency, must rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed. And such a classification cannot be made arbitrarily and without any such basis, and without regard to the limitation (sec. 5, art. 10) "that taxes shall be uniform upon the same class of subjects."

The provisions of article 10, sec. 9, for apportionment of millage between county, city, town and school districts in nowise suggests an apportionment to a county divided between sections of the county, or any division within each governmental subdivision.

Obviously, there is no difference between rural property and urban property in its relation to an ad valorem tax or a tax based on values so that one property may be distinguished from the other as an object of taxation. Location alone is not a basis for the classification of the property for purposes of taxation on a basis of value. Rural and urban property being in the same class as a subject of ad valorem tax, it follows that uniformity requires that all such property within the confines of

the county for which an ad valorem tax is levied should be treated alike and have the same rate of levy applied.

Herein the excise board having allocated 1.5 mills to cities and towns they were without authority to apportion more than 8.5 mills to the county.

The apportionment of 10 mills to the county to be applied to property outside cities and towns and the levy of 10 mills for county purposes on property outside the cities and towns, under the circumstances herein, was violative of the uniformity clause of the Constitution, and, upon the application of the protesting taxpayers, was properly reduced.

The judgment is affirmed.