BOARD OF COUNTY COMMISSIONERS, OTTAWA COUNTY, State of Oklahoma, Plaintiff in Error,

v.

STATE BOARD OF EQUALIZATION of the State OF OKLAHOMA, Governor J. Howard Edmondson, Chairman, Andy Anderson, Secretary, & Bill Burkhart, Bill Christian, Jack Cornelius, John M. Rogers, & Mac Q. Williamson, Members, Defendants in Error.

No. 39324.

Supreme Court of Oklahoma.

June 13, 1961.

James Reed, Robert S. Gee, Miami, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., L. G. Hyden, Asst. Atty. Gen., Albert D. Lynn, Gen. Counsel for Oklahoma Tax Commission. Ed Armstrong, Asst. Counsel for Oklahoma Tax Commission, Oklahoma City, for defendants in error.

Otjen & Carter, by Frank Carter, Enid, for Oklahoma Farm Bureau, amicus curiae.

PER CURIAM.

Here, plaintiff in error appeals from the same order of the State Board of Equalization appealed from in other cases this day decided, including Cause No. 39323, Board of County Com'rs of Greer County v. State Board of Equalization, Okl., 363 P.2d 263.

According to the ratio study conducted by the Oklahoma Tax Commission, urban property in Ottawa County was assessed at 25.02% of its fair cash value and rural property in said County was assessed at 16.57% of its fair cash value. Said Commission computed the average valuation of both urban and rural property in said County at 23.49% of its fair cash value, or 1.42% greater than the statewide average of 22.07%.

The order appealed from made no change in the County's urban valuation, but increased its rural valuation 6.25%.

■ Here, as in the cited case, plaintiff in error contends under its first proposition for reversal, that the State Board had no authority, in view of what this court said in Custer County, Excise Board v. St. Louis-S. F. Ry. Co., 201 Okl. 528, 207 P.2d 774, to order said valuation increase. We dealt with a similar argument in the cited case and concluded that it demonstrated no cause for reversal. For the same reasons, we have reached a like conclusion here.

Without repeating what we there said, we adopt the pertinent part of the opinion promulgated therein, as a portion of our opinion here.

■ Under plaintiff in error's "Proposition Two," it challenges the power of the State Board to order Ottawa County valuations increased to the point where their average, for all property (both urban and rural), exceeds what was found, in the above mentioned ratio study, to be the statewide average, before entry of the order. In Cause No. 39323, supra, we demonstrated that, in increasing valuations in one county, the Board is not limited to assessed valuations in other counties. Nor, in view of the pronouncements quoted therein from Appeal of McNeal, 35 Okl. 17, 128 P. 285, do we think said power is limited to what was the statewide average, previous to its order; and we hold said power is not so limited.

Affirmed, and the period for the filing of a petition for rehearing herein is hereby reduced to 10 days, as ordered in Cause No. 39,323, supra, and other companion cases this day decided.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JOHNSON and BERRY, JJ., concur.

IRWIN, J., concurs specially.

JACKSON, J., dissents.

IRWIN, Justice (concurring specially).

I concur specially for the reasons set forth in Case No. 39,321, Board of County Commissioners of Canadian County, Oklahoma v. State Board of Equalization, Okl., 363 P.2d 242.