Henry C. SOWDERS, III, Appellant,

v.

OKLAHOMA TAX COMMISSION, Appellee.

No. 48516.

Supreme Court of Oklahoma.

July 20, 1976.

Henry C. Sowders, III, pro se.

Lester D. Hoyt, Gen. Counsel, Stanley J. Alexander, Clyde E. Fosdyke and F. Karen Grethen, Oklahoma City, for appellee.

DAVISON, Justice:

The Oklahoma Income Tax Act, 68 O. S.1971 § 2355(A), in imposing the tax and setting the rates and the manner of computation, creates three classes as follows: single individuals and married individuals filing separately; heads of households as defined in the Internal Revenue Code; and married individuals filing jointly and surviving spouse to the extent and in the manner that a surviving spouse is permitted to file a joint return under the provisions of the Internal Revenue Code. Insofar as the issue now before us is concerned, we note that the prior statutes in the Oklahoma Income Tax Code of 1965 were the same in that they permitted a married individual to file a joint return. 68 O.S.Supp.1965 § 2304.

The appellant, Henry C. Sowders, III, is a single individual and as such filed Oklahoma tax returns for the taxable years 1969 through 1974. He now seeks refunds for each of those years for the difference between the amount of tax he paid and what he would have paid had he been married and filed joint returns.

The appellant asserts that the classification of natural persons made in the law, which alone accounts for the difference in the tax that he paid, is unconstitutional under the Fourteenth Amendment of the United States Constitution and under Article X § 5 of the Oklahoma Constitution.

The Oklahoma Tax Commission after a hearing on May 8, 1975, by its Order No. 62065, denied appellant's claim for refunds. This appeal is from that order.

This is the same case as reported in Okl., 527 P.2d 852 (1974) wherein the appeal was dismissed on procedural grounds and the case remanded to the Oklahoma Tax Commission for further proceedings.

The disparity in the tax rates between a single individual and a married individual, complained of in this appeal, arises solely from that provision in the Oklahoma law that permits a married individual to file a joint return.

In this appeal, there is no claim of lack of uniformity or due process within the class (single individuals or married individuals not filing a joint return) and there is no claim that the Oklahoma Tax Commission has enforced the law other than as enacted. Therefore, the only issue before us is the constitutionality of the act of the legislature which creates, as noted above, separate classes as between single individuals and married individuals. Therefore, the constitutional issue before us is simply this—did the Oklahoma Legislature have "a rational basis for the distinction drawn between married and single persons for purposes of the applicable rates of taxation?"

The Federal Income Tax Laws permit joint returns, just as the Oklahoma Income Tax Act does. While in testing the constitutionality of the Oklahoma law as against the Federal law, different constitutional provisions, State or Federal, may be involved, we see no difference in that "rational basis for the distinction" upon which the constitutionality of either must rest or be determined.

The constitutionality of the same joint return or splitting of income provisions has been upheld as to the Federal Income Tax Laws, against attacks on the basis of the Fifth, Ninth, Fourteenth and Sixteenth Amendments and Article 1, Section 2, Clause 3, and Article 1, Section 9, Clause 4 of the United States Constitution. That issue was decided by the United States Tax Court in *Vivien Kellems v. Commissioner of Internal Revenue,* 58 T.C. 556 (1972). That decision was affirmed by the United States Circuit Court of Appeals, 2nd Circuit, in *Vivien Kellems v. Commissioner of Internal Revenue,* 474 F.2d 1399 (1973), which merely affirmed on "the basis of the Tax Court's opinion below" and certiorari was denied by the United States Supreme Court. 414 U.S. 831, 94 S.Ct. 63, 38 L.Ed.2d 66 (1973).

There is no question that the Tax Court was confronted with a constitutional question to be resolved on the same factual consideration as involved here; i. e. what reasonable factual basis lies back of the distinction made in the income tax laws as it relates to joint returns by married individuals.

The Tax Court defines the question before it in this way:

"Petitioner's central argument thus hangs on the issue of whether this Court 'perceives' a rational basis for the distinction drawn between married and single persons for purposes of the applicable rates of taxation."

The Tax Court did perceive that basis expressed in this language:

"More importantly, however, Congress was within the bounds of its constitutional role since it is conceivable Con-

gress believed that married persons generally have greater financial burdens than single persons. The recognition of such greater burdens is certainly consonant with taxation based on the ability to pay, which has long been an important objective of the income tax scheme."

Appellant points out that the Kellems case was also based on the fact that Congress in passing the Revenue Act of 1948, 62 Stat. 114, was attempting to arrive at a geographic uniformity as between community property States and noncommunity property States. We see no reason to discuss that except to say that the distinction or classification involved in permitting joint returns must first be established constitutionally before any question of its geographic uniformity would be involved. In other words, the constitutional problem presented to the tax court on the classifications made would have been present and would have had to be decided regardless of whether there was a question as the Federal law's application in some States and not others prior to the 1948 Federal Act.

■ We think the action of the legislature in creating the classifications involved here had a reasonable basis upon which to make the classification. Essentially, it is founded on the "ability to pay." Like the Circuit Court in the Kellems case, we too would adopt the reason set out in the Tax Court opinion.

The Oklahoma Constitution in Article X § 5 provides as follows:

"The power of taxation shall never be surrendered, suspended, or contracted away. Taxes shall be uniform upon the same class of subjects."

No question of uniformity within a class is raised in this appeal. Here we simply hold that the legislature, in creating the separate classes involved here, acted upon a constitutionally permissible basis.

While the Fourteenth Amendment of the United States Constitution, as noted in the Kellems case, is generally applicable to States rather than the Federal government,

that court did consider it as noted therein. Regardless, we think the same reasons that support the classifications made in the Federal Income Tax Laws will support the same classifications in the Oklahoma Tax Laws.

The argument of the appellant basically relies on the case of *Amidon v. Kane*, 444 Pa. 38, 279 A.2d 53 (1971), and earlier Pennsylvania cases cited therein. In that case, the Supreme Court of Pennsylvania held that the State Tax Reform Code of 1971, " * * * creates widespread tax preferences * * *" and violated the State Constitution's requirement for uniformity. While the case may allude to distinctions made between married and single persons, many other inequities are involved. The joint return problem is not discussed and the case deals with so many other problems that we do not regard it as persuasive as to the specific limited question before us.

■ The general rule in Oklahoma to be observed here is that all that is required is that there be reasonable classification and reasonable opportunity for uniform or equal incidence upon the class created. *McCutchan v. Oklahoma Tax Commission*, 191 Okl. 578, 132 P.2d 337 (1943).

■ We hold the separate classification of single and married taxpayers involved herein is a reasonable classification and does not violate either the Oklahoma or Federal Constitutions.

The order of Oklahoma Tax Commission denying the tax refunds is affirmed.

WILLIAMS, C. J., and IRWIN, BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

HODGES, V. C. J., dissents.

HODGES, Vice Chief Justice (dissenting):

Appellant contends the differential rate assessed married and single taxpayers is an unconstitutional application of the law. I agree.

The Oklahoma Constitution art. 10 § 5 provides:

> The power of taxation shall never be surrendered, suspended, or contracted away. Taxes shall be uniform on the same class of subjects.

This country was founded, not on the class system employed in other nations, but on the premise all men are created equal. It is, therefore, inconceivable to me that persons are divided into classes of subjects for income tax purposes. The majority opinion approves the rationale of Kellems that the tax is levied based on the ability to pay. This is fallacious reasoning. The fact that a person is single is not persuasive proof that he is more able to pay. It is a legal conclusion without a rational basis. He may be helping to support parents, children and siblings or paying non-exempt property settlement for an ex-wife. Indeed, the single person contributes to the support of schools for children he may not have, and presumably uses fewer government services than a married couple. Perhaps he should receive a tax credit rather than tax penalty.

Aside from these arguments, the most ominous facet of the situation is the arbitrary invasion of his civil rights by penalizing one who does not conform to society's ideal. It results in taxing those who are single merely because the legislature believes, without any proof to support this belief, that their incomes are sufficiently great to bear a greater tax burden. A classification which divides the same class of subjects, i. e., citizens of this state based on marital status rather than income is an arbitrary classification. The right to marriage, the right to divorce, and the right to remain single, are basic fundamental human civil rights. The state may not penalize its citizens for making a personal choice concerning their domestic status.[1]

The majority has determined the constitutional provision is applicable to property tax only.[2] The Pennsylvania court in *Kelley v. Kalodner*, 320 Pa. 180, 181 A. 598 (1935) answers and rejects the majority rationale.[3] It determined an income tax statute as it attempted to levy tax upon income from real estate, stocks, bonds, or similar securities imposes a property tax and is subject to the constitutional requirements of uniformity. The entire taxing statute was held to be unconstitutional because possible sources of revenue were interwoven. Oklahoma taxable income is defined by 68 O.S.1971 § 2353(12) as income as reported to the federal government. This includes tax on property. It is obvious that two persons, one married and one single, could become partners in an apartment complex, each receiving rentals as taxable income. All other things being equal, the single person would pay a larger percentage of tax on this income than his married partner simply because of his marital status. A tax to be uniform must operate alike on the property subject to it. Classification of property for taxation must rest on some distinction which bears a reasonable and just relationship to the classification.[4] The state may not exercise its power in establishing tax classifications in clear and hostile discrimination between particular persons and classes.[5] I can find no reasonable basis for the tax rate differential based on marital status.

The Civil Rights Act of 1964 and case law have increasingly mitigated against discrimination based on race, color, religion, sex or national origin. It is appro-

1. *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

2. *Johnston v. Oklahoma Tax Commission*, 497 P.2d 1295, 1298 (Okl.1972).

3. See also *Amidon v. Kane*, 444 Pa. 38, 279 A.2d 53, 60 (1971).

4. *Custer County Excise Board v. St. Louis-San Francisco Ry.*, 201 Okl. 528, 207 P.2d 774 (1949); *Schlesinger v. Wisconsin*, 270 U.S. 230, 46 S.Ct. 260, 70 L.Ed. 301, 43 A.L.R. 1224 (1926); *Northwestern Mutual Life Insurance Co. v. Wisconsin*, 247 U.S. 132, 38 S.Ct. 444, 62 L.Ed. 1025 (1918).

5. *Citizen Telephone Co. v. Fuller*, 229 U.S. 322, 33 S.Ct. 833, 57 L.Ed. 1206 (1913).

priate that the last bastion of discrimination, taxation based on marital status, be eliminated.

The Oklahoma Income Tax Act[6] is invidiously discriminatory and creates widespread tax preferences in direct conflict with the mandate of the uniformity clause and is, therefore, unconstitutional. I respectfully dissent.