## CORNELL v. McALISTER et al.

No. 17788—Opinion Filed Oct. 12, 1926.

(Syllabus.)

1. **Constitutional Law—Legislative Construction of Doubtful Provisions — Intent of Statute Defining "Expert Accountant."**

If the meaning of a constitutional provision is doubtful, a practical construction thereof by the Legislature ordinarily will be followed by the courts, unless it appears to be arbitrary, unreasonable, and inadequate, or contrary to the spirit and purpose of the language used in the Constitution. It is apparent, however, that the Legislature in the act under consideration was not attempting to define a vague or doubtful provision of the Constitution.

2. **Statutes—Subject Limited by Title—Constitutional Requirement Mandatory.**

Section 57, article 5, of the Constitution of this state, which provides that every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, is mandatory. Although the rule is well established that it is not to be enforced in such a technical manner as to cripple legislation, yet it has been consistently held that the subject expressed in the title fixes the limit upon the scope of the act.

3. **Same — Constitutional Qualifications of State Examiner and Inspector not Affected by Statute Regulating Practice of Accounting.**

Under section 57, article 5, of the Constitution, House Bill No. 204, Session Laws 1917, p. 4, is limited by its title and has no application to the qualifications prescribed for the State Examiner and Inspector by article 6, section 19, of the Constitution.

4. **States—State Examiner and Inspector—Constitutional Qualifications for Office not Subject to Additions by Legislature.**

Since article 6, section 19, of the Constitution, which prescribes the qualifications and defines the powers and duties of the State Examiner and Inspector, expressly authorizes the Legislature to prescribe additional duties and powers for said official, but nowhere authorizes it to provide for additional qualifications, it thereby impliedly forbids the Legislature from so doing.

Error from District Court, Oklahoma County; Thomas G. Chambers, Judge.

Action by H. Nelson Cornell against W. C. McAlister et al., members of the State Election Board, and John Rogers to enjoin defendants from placing the name of John Rogers on the official ballot to be voted on November 2, 1926, as the Democratic candidate for State Examiner and Inspector. Judgment for defendants, and plaintiff appeals. Affirmed.

Charles H. Garnett, for plaintiff in error.

Rainey & Flynn, Green & Anderson, and I. C. Saunders, for defendants in error.

MASON, J. At the primary election, held August 3, 1926, John Rogers was a candidate for the nomination of the Democratic party for the office of State Examiner and Inspector. At said election, Rogers received more votes than any other candidate for said nomination and, thereupon, he was declared, by the State Election Board, to be the nominee and candidate of the Democratic party for said office at the state election to be held on the 2d of November, 1926, and said board issued and delivered its certificate of nomination to him.

Thereafter, on September 4, 1926, the plaintiff in error, H. Nelson Cornell, brought this proceeding in the district court of Oklahoma county to enjoin the defendants in error from placing the name of John Rogers on the official ballot to be voted on November 2, 1926. Upon the filing of said petition, the Honorable Thomas G. Chambers, judge of said court, granted a temporary restraining order against the defendants, and, on September 7, 1926, a hearing was held before said court on the question of granting a temporary injunction against said defendants.

Upon agreement of the parties, the court found the following facts:

"That the said John Rogers has had more than three years' experience as an expert accountant and is a person skilled in the knowledge and science of accounting, but is not the holder of a certified public accountant certificate."

The court then rendered judgment dissolving the temporary restraining order previously issued, denying the temporary injunction as prayed for, and dismissing plaintiff's petition for want of equity, from which the plaintiff has duly perfected his appeal to this court.

For reversal, the plaintiff in error contends that the defendant John Rogers is not qualified to hold the office of State Examiner and Inspector because he does not hold a certified public accountant certificate, and

that, therefore, the action of the trial court is contrary to law and should be reversed.

The qualifications of the State Examiner and Inspector and the duties of such official are prescribed by article 6, section 19, of the Constitution, as follows:

"The State Examiner and Inspector must have had at least three years' experience as an expert accountant; his duties shall be, without notice to such treasurer, to examine the state and all county treasurers' books, accounts, and cash on hand or in bank at least twice each year, and publish his report as to every such treasurer once each year. For the purpose of such examination he shall take complete possession of such treasurer's office. He shall also prescribe a uniform system of bookkeeping for the use of all treasurers. Other duties and powers may be added by law."

Counsel for plaintiff in error contends that the meaning of the expression "an expert accountant" is vague and indefinite and, inasmuch as the same is nowhere defined in the Constitution, the definition should be used as prescribed by the Legislature in section 11, House Bill No. 204, Session Laws 1917, p. 4, being section 10932, Compiled Oklahoma Statutes, 1921, which provides:

"An expert accountant is hereby defined as a person skilled in the knowledge and science of accounting, and who is the holder of a 'certified public accountant' certificate issued in pursuance of the provisions of this act."

Section 14 of said Act (sec. 10935, C. O. S. 1921) provides that no person shall be permitted to practice or hold himself out as a public or expert accountant without having first obtained a certified public accountant certificate.

It was held, however, in an opinion by Ray, Commissioner, in the case of State ex rel. Short, Attorney General, v. Riedell, 109 Okla. 35, 233 Pac. 684, that both section 11 and section 14, supra, were unconstitutional. Plaintiff devotes many pages of his brief to an attack on the foregoing opinion, which to the writer of this opinion is not entirely without merit, but the holding in said case, as we view it, is not controlling in the instant case. In other words, in deciding the case at bar, we may concede, without deciding, that the only question presented in said case was whether or not one might practice the profession of expert or public accountant without having first obtained a certified public accountant certificate, and that section 11 of said act was not there involved and that the portion of the opinion holding said section 11 unconstitutional was purely obiter.

Can it be said that the Legislature, by enacting section 11, supra, intended to define the expression "an expert accountant" as found in article 6, section 19, of the Constitution?

It is a recognized rule of construction that, if the meaning of a constitutional provision is doubtful, a practical construction thereof by the Legislature will be followed by the courts, if it can be done without doing violence to the fair meaning of the words used. Coyle v. Smith, 28 Okla. 121, 113 Pac. 944.

In 12 Corp. Juris, p. 714, the rule is announced as follows:

"If the meaning of the Constitution is doubtful, a legislative construction will be given serious consideration by the courts, both as a matter of policy, and also because it may be presumed to represent the true intent of the instrument."

In Ruppert v. Caffey. 251 U. S. 264, 40 Sup. Ct. Rep. 141, the Supreme Court of the United States, in considering the constitutionality of the Volstead Act, which declared that liquor containing more than one-half of one per cent. of alcohol was intoxicating within the meaning of the 18th Amendment to the Constitution of the United States, prohibiting the manufacturing or sale of intoxicating liquor, held that the definition of intoxicating liquor contained in the act was a reasonable and valid exercise of the legislative power to define constitutional terms. The court also held that such definition was a reasonable and necessary one to make effective the prohibition provisions of the Constitution.

Counsel for plaintiff in error insist that the instant case comes within the foregoing rule. We think not. No reference is made in the act under consideration to article 6, section 19, of the Constitution, and the title to said act discloses that it was not intended as a construction or definition of the expression "expert accountant," as used in said section of the Constitution. The title to said act reads as follows:

"An act regulating the practice of auditing and accounting in the state of Oklahoma; creating a State Board of Accountancy and prescribing its powers and duties, and fixing compensation of appointive member: providing for the examination and certification of professional accountants; and prescribing penalty for violation of provisions of act or for making false or fraudulent reports, and repealing all acts in conflict herewith."

In this connection, we deem it advisable to consider the title of said act in connection with the provisions of section 57, article 5, of the Constitution, of Oklahoma, which provides that every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. This provision is mandatory, and although the rule is well established that it is not to be enforced in such a technical manner as to cripple legislation, yet it has been universally held under like constitutional provisions that the subject expressed in the title fixes a limit upon the scope of the act. Therefore, the act under consideration is limited by its title and must be construed as having no application to the office or qualifications of the State Examiner and Inspector.

It is also to be observed that article 6, section 19, of the Constitution above quoted, concludes: "Other duties and powers may be added by law."

The section prescribes the qualifications of the State Examiner and Inspector, and no authority is given the Legislature to add other qualifications. The act also enumerates certain powers and duties of such official, and then invests the Legislature with authority to add "other" duties and powers." The inevitable conclusion is that the framers of the Constitution did not intend that the Legislature should have authority to change or add to the qualifications of such official. The maxim "expressio unius est exclusio alterius"—the expression of one thing is the exclusion of another—is especially applicable to the instant case. If it had been intended that the Legislature could prescribe additional qualifications for the State Examiner and Inspector, as well as add to his powers and duties, how easy it would have been to have added to said section: "Other duties, powers and **qualifications for the office** may be added by law." Or said section may have been written so as to authorize the Legislature to prescribe what evidence of training, ability and experience should constitute a person "an expert accountant." The framers of the Constitution evidently did not intend to give the Legislature such power, and especially is this true in view of the provisions of sections 24 and 26 of the same article (article 6) of the Constitution.

Section 24 expressly provides that the Insurance Commissioner shall possess such further qualifications may be prescribed by law. And section 26 provides that the Legislature may define the qualifications and fix the duties of the Chief Mine Inspector and his assistants.

If the provisions of section 11 of the act under consideration were made applicable to the State Examiner and Inspector as contended for by the plaintiff, it would be tanta-

mount to making article 6, section 19, of the Constitution read as follows:

"The State Examiner and Inspector must have had at least three years' experience in the practice of accountancy and be the holder of a certified public accountant certificate."

Although the Constitution does not expressly inhibit the power of the Legislature to so do, yet the affirmation of a distinct policy upon any specific point in a state Constitution implies the negation of any power in the Legislature to establish a different policy.

We, therefore, reach the conclusion that said act is not controlling in the instant case.

It is admitted in the record that the defendant John Rogers has had more than three years' experience as an expert accountant and is a person skilled in the knowledge and science of accountancy. This is all that is required.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 12 C. J. p. 714. §66. (2) 36 Cyc. p. 1018; 25 R. C. L. pp. 836-839; 3 R. C. L. Supp. p. 1431; 4 R. C. L. Supp p. 1604. (3) 36 Cyc. p. 857. (4) 12 C. J. p. 707, §52; 36 Cyc. p. 857.