WILDLIFE CONSERVATION COMMISSION — AUTHORITY OF LEGISLATURE TO LIMIT NUMBER OF EMPLOYEES AND AMOUNT OF PAYROLL Section I of Senate Bill 621, Second Regular Session, Thirty-fifth Oklahoma Legislature (1976), now codified as 74 O.S. 3601 [74-3601] (1976), as it relates to the Wildlife Conservation Commission, is not binding upon the Commission as to the maximum number of full-time-equivalent employees and as to the total funds that may be expended for the payment of payroll, salary or wages for employees of the Commission during the fiscal year ending June 30, 1977. The Attorney General has considered your request for an opinion with regard to the following question: "Is Section I, of Senate Bill No. 621, as it relates to the Wildlife Conservation Commission, binding upon the Commission as to the maximum number of full-time-equivalent employees and as to the total funds that may be expended for the payment of payroll, salary or wages for employees of the Commission during the fiscal year ending June 30, 1977?" In Senate Bill No. 621, Second Regular Session, Thirty-fifth Oklahoma Legislature (1976), the Legislature specified the number of full-time-equivalent employees that could be retained and the total funds from all sources which could be expended by the Wildlife Conservation Commission for the payment of any payroll, salary or wages of employees. Article XXVI, Section 1 of the Oklahoma Constitution, provides in pertinent part: "There is hereby created a Department of Wildlife Conservation of the State of Oklahoma and an Oklahoma Wildlife Conservation Commission. The Department of Wildlife Conservation shall be governed by the Wildlife Conservation Director, hereinafter created, under such rules, regulations and policies as may be prescribed from time to time by the Oklahoma Wildlife Conservation Commission . . . ." Section 3 provides in part: ". . . The Director shall, with the approval of the Commission, appoint such assistants and employees as the Commission may deem necessary . . . ." The Constitution has granted the Director of the Wildlife Conservation Commission, upon approval of the Commission, the authority to appoint employees. Senate Bill 621 sets a ceiling on the maximum number of employees that may be retained by the Commission and the maximum amount of funds that may be expended for their salaries. In order to answer your question, we must determine if Article XXVI, Section 3 of the Oklahoma Constitution, supra, and Senate Bill No. 621 are in irreconcilable conflict. Article V, Section 36 of the Oklahoma Constitution, provides as follows: "The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever." In the case of Spearman v. Williams, Okl. 415 P.2d 597, the court, in discussing Article V, Section 36, supra, held: ". . . The Legislature's acts are presumed constitutional and should be upheld unless plainly and clearly within express prohibitions and limitations fixed by the Constitution . . . . "An Act of the Legislature will not be declared unconstitutional unless its conflict with the Constitution is clear and certain. "The State Constitution is a limitation upon the power of the Legislature and not a grant of power to that body, and the authority of the Legislature extends to all rightful subjects of legislation not withdrawn by the Constitution or in conflict therewith." In Cornell v. McAlister,121 Okl. 285, 249 P. 959, the court held: ". . . The affirmation of a distinct policy upon any specific point in a state constitution implies the negation of any power in the legislature to establish a different policy." The language in Article XXVI, Section 3, supra, clearly and unequivocally authorizes the Director of the Wildlife Conservation Commission, upon approval of the Commission, to appoint such assistants and employees as the Commission may deem necessary. The words "as the Commission deems necessary" can only be interpreted as meaning the number of employees that the Commission determines is necessary. The Constitution grants the Commission the exclusive discretionary authority to appoint assistants and employees at the time and in the number it deems appropriate. An attempt on the part of the Legislature to encroach upon the authority of the Commission by setting a ceiling on the number of employees that may be appointed is an attempt by the Legislature to exercise control in an area in which it has been constitutionally excluded and is without authority. In the same vein an attempt to set a ceiling on the amount of funds that may be appropriated for salaries is also an impermissible, unconstitutional encroachment. By setting a ceiling on the amount of funds that can be expended for salaries the Legislature is in fact limiting the number of employees that can be retained, which, as discussed above, it is not constitutionally permitted to do. Monies to be expended by the Commission for salaries must be derived from license fees and permits since the Commission receives no appropriations. If the Commission did not generate its own funds but were dependent upon legislative appropriations for employees salaries then a question might arise as to whether the Legislature has authority to set a ceiling on the amount expended for salaries for the number of employees requested annually. However, that is not the case here and this opinion does not address itself to that issue. It is, therefore, the opinion of the Attorney General that your question be answered as follows. Section I of Senate Bill 621, Second Regular Session, Thirty-fifth Oklahoma Legislature (1976), now codified as 74 O.S. 3601 [74-3601] (1976), as it relates to the Wildlife Conservation Commission, is not binding upon the Commission as to the maximum number of full-time-equivalent employees and as to the total funds that may be expended for the payment of payroll, salary or wages for employees of the Commission during the fiscal year ending June 30, 1977. (AMALIJA J. HODGINS) (ksg) ** SEE: OPINION NO. 77-310 (1977) **