STATE OFFICERS AND EMPLOYEES Title 74 O.S. 803 [74-803] (1976), is applicable to the Wildlife Conservation Department in regards to State Personnel Board leave regulations. Title 74 O.S. 828.2 [74-828.2] (1976) is applicable to the Wildlife Conservation Department. The Wildlife Conservation Commission is prohibited, by virtue of 29 O.S. 3-305 [29-3-305] (1976) from expending, for operations, fees collected from the sale of lifetime licenses, but may expend the interest derived from the investment of such fees for operations. The Attorney General has considered your request for an opinion wherein you ask the following questions: "(1). Is 74 O.S. 803 [74-803] (1976) applicable to the Wildlife Conservation Department in regards to state personnel board leave regulations? "(2). Is 74 O.S. 828.2 [74-828.2] (1976) applicable to the Wildlife Conservation Department? "(3). Does 29 O.S. 3-305 [29-3-305] (1976) prohibit the Wildlife Conservation Commission from expending for operations fees collected from the sale of lifetime licenses?" The Department of Wildlife Conservation of the State of Oklahoma and the Oklahoma Wildlife Conservation Commission were created by constitutional amendment adopted July 3, 1956, which, after creation thereof, provides: "The Department of Wildlife Conservation shall be governed by the Wildlife Conservation Director, hereinafter created, under such rules, regulations and policies as may be prescribed from time to time by the Oklahoma Wildlife Conservation Commission." Okla. Const. Article XXVI, Section 1. The position of Director of Wildlife Conservation is created in Section 3 of that same constitutional amendment, which sets forth personnel duties as follows: "The Director shall, with the approval of the Commission, appoint such assistants and employees as the Commission may deem necessary. "The Commission shall determine the qualifications of the Director, all assistants and employees." Okla. Const., Article XXVI, Section 3. Title 74 O.S. 803 [74-803] (1976), the statute to which your first question refers, provides, in pertinent part, as follows: "Offices and positions in the unclassified service are in no way subject to any of the provisions of this act or of the rules and regulations promulgated hereunder by the State Personnel Board except leave regulations promulgated under the provisions of 74 O.S. 805 [74-805] of this act." It is obvious that a statute which is in irreconcilable conflict with a constitutional provision has no effect. The powers of a constitutional entity, specifically or impliedly reserved exclusively in that entity by the provisions of the Constitution, cannot be abrogated or nullified by statutory enactment. Cornell v. McAlister, 121 Okl. 285, 249 P. 959 (1926). The power of the Legislature to enact binding legislation is set forth in Article V, Section 36 of the Oklahoma Constitution as follows: "The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever." Okla. Const., Article V, Section 36. Article V, Section 36 has been interpreted as a limitation upon the power of the Legislature rather than a grant of power. The Supreme Court of Oklahoma, in Spearman v. Williams, 415 P.2d 597 (Okla. 1966), stated: "The State Constitution is a limitation upon the power of the Legislature and not a grant of power to that body, and the authority of the Legislature extends to all rightful subjects of legislation not withdrawn by the Constitution or in conflict therewith." Id at 600. The Legislature, therefore, has authority to enact binding legislation on any matter unless the Constitution places the subject matter of that legislation outside the reach of the Legislature. Furthermore, an act of the Legislature will not be declared unconstitutional unless its conflict with the Constitution is clear and certain. Id at 600. With this in mind, we now approach the question of whether the statutory enactment is in conflict with the constitutional provision or, in other words, is the subject of employee "leave regulations" specifically withheld from the regulating authority of the Legislature. This office in an opinion issued July 1, 1971, stated: "Without prior amendment to the State Constitution adopted in conformance with constitutional requirements, the Legislature may not, by passage of an appropriate act, prescribe the provisions of the Oklahoma Merit System of Personnel Administration to the Department of Wildlife Conservation." Attorney General Opinion No. 71-239. The language of Article XXVI, Section 3 specifically withholds from legislative authority the right to determine the number and qualifications of assistants and employees of the Department of Wildlife Conservation. Those determinations are exclusively within the realm of the Commission. To the extent that the Oklahoma Merit System of Personnel Administration deals with the number and qualifications of assistants and employees, it is constitutionally inapplicable to the Department of Wildlife Conservation. However, those personnel matters not dealing with the number of employees and qualifications thereof were not placed in the exclusive realm of the Commission. The Legislature may therefore rightfully enact legislation covering those areas. Leave regulations, being outside the area of the number or qualifications of assistants and employees, are subject to the general authority of the Legislature. Your second question concerns the applicability of 74 O.S. 828.2 [74-828.2] (1976) to the Department of Wildlife Conservation. That statute provides as follows: "All state agencies who employ people in the exempt and unclassified service of the state, whose salaries are not prescribed by law, shall grant such employees a salary increase on the same basis as prescribed in this act for personnel under the Merit System of Personnel Administration." 74 O.S. 828.2 [74-828.2] (1976). Since 74 O.S. 828.2 [74-828.2] (1976) does not exempt the Department of Wildlife Conservation, it applies to the Department, and salary increases are controlled thereby. Your third question refers to 29 O.S. 3-305 [29-3-305] (1976). That statute provides as follows: "In order to equalize the expenditure of fees derived from the sale of lifetime licenses, the Department may invest such fees in United States securities or in any investment permitted to state banks under the State Banking Code. The interest derived therefrom may be expended by the Commission in the same manner as the Wildlife Conservation Fund, under Section 3-302 of this Code." Section 3-302 creates a revolving fund in the State Treasury for deposit of the income of the Department of Wildlife Conservation. 29 O.S. 3-305 [29-3-305] provides for the investment of fees derived from the sale of lifetime licenses in certain specified securities. Construction of a statute should be reasonable in order that legislative intention in adoption of such statute will be given expression and the object and purpose intended will be accomplished. State ex rel. Otjen v. Mayhue, 476 P.2d 317
(Okl. 1970). In view of the first phrase of 29 O.S. 3-305 [29-3-305], setting forth the legislative purpose of the provision, the word "may" as used in the statute has the effect of giving the Department an option of either investing lifetime fees in United States securities or of investing such fees in any investments permitted to state banks under the State Banking Code. The provision does, however, require that such fees be invested in one of the options. The interest thereon may be expended as provided in Section 3-302, but the principal is unavailable for such expenditures. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Title 74 O.S. 803 [74-803] (1976) is applicable to the Wildlife Conservation Department in regards to State Personnel Board leave regulations; Title 74 O.S. 828.2 [74-828.2] (1976) is applicable to the Wildlife Conservation Department; the Wildlife Conservation Commission is prohibited, by virtue of 29 O.S. 3-305 [29-3-305] (1976) from expending, for operations, fees collected from the sale of lifetime licenses, but may expend the interest derived from the investment of such fees for operations. (JOSEPH J. REINKE) ** SEE: OPINION NO. 77-310 (1977) ** ** OPINION NO. 77-310 OVERRULES THIS OPINION ** ** SEE: OPINION NO. 96-071 (1997) **